LEONARD CADE V. THE STATE.

No. 23647. Delivered April 30, 1947.

No attorney of record on appeal for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of robbery by assault and by the jury given a sentence of five years in the penitentiary.

The testimony shows that in the afternoon of the 6th day of May, 1946, appellant, a negro, appeared at the drug store of D. L. Echols at 801 North New Braunfels Avenue, in San Antonio, Texas, and started an argument with a girl working at the soda fountain in such store. The appellant claimed that he had made a five-cent purchase from her and had given her a ten-dollar bill; that she had given him change for a one-dollar bill, and he demanded the difference from her. She claimed that she had never seen him before and had not sold him anything. He became rather boisterous and did some cursing. She then called Mr. Echols. An examination of the cash register disclosed that there were no ten-dollar bills therein, whereupon appellant said that he had given her a five-dollar bill, and again demanded that they give him four dollars, or he would tear the place to pieces. Mr. Echols then started to call the police and appellant

told him that if he picked up the 'phone, he would kill him, putting his hand in his pocket. Again, he said that he would count ten, and if Echols did not pay him by that time, he would kill him, still keeping his hand in his hip pocket at the time. Mr. Felthouse, a drug salesman, was present at such time and corroborated Echols' version of this trouble. Mr. Echols, thinking his life was worth more than four dollars, finally gave appellant the money, although the girl denied having sold appellant anything. Mr. Felthouse walked out to another 'phone and called the police. An officer soon appeared and grabbed appellant, who jerked loose and fled, but was soon apprehended by the police. He was brought back and identified as the assailant. Echols testified:

"I did not give this money to this boy freely but gave it to him because he threatened to take my life and I was afraid."

We think the testimony is sufficient to show that the money was obtained by putting Mr. Echols in fear of life or serious bodily injury.

Bill of Exceptions No. 1 complains because the State was permitted to show by Mr. Echols that after he had taken the money out of the cash register to give to appellant, that such register was short such amount. We see no error shown therein.

Bill No. 2 complains because it is alleged therein that the testimony was insufficient to sustain the allegations of the indictment in that it was not shown that Mr. Echols was placed in fear of death or serious bodily injury. To this we do not agree.

Bill No. 3 evidences no error and is overruled.

Bill No. 4 complains because of the action of the trial court in putting this cause to trial in the absence of B. F. Patterson, an attorney of appellant herein. The bill shows that this cause had been set for two weeks on the day same was tried, and such date was shown on the court's calendar. When the case was called Mr. Doran, who had his office with Mr. Patterson and who, with Mr. Patterson, was a surety on appellant's appearance bond, was present in court and announced that Mr. Patterson was out of the city, being detained by missing a train connection. Mr. Doran then represented appellant at the trial. We find no motion for a continuance or a postponement of this cause in the record, and in the absence thereof, and the

absence of any bill bringing the exception forward, we cannot review this matter.

To the same effect is appellant's Bill No. 5, and the same ruling applies thereto.

Finding no error in the record, the judgment is affirmed.